# NANESS, CHAIET & NANESS, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*
W. Matthew Groh**

*Also admitted FL and NJ
**Also admitted in CT

July 17, 2017

<u>VIA ECF</u>
<u>AND EMAIL: sullivannysdchambers@nysd.uscourts.gov</u>

Judge Richard J. Sullivan
US District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

Re: Nancy Schaubeck and Angel Rivas
v. Morris Pharmacy, Inc. and Ellen Adler
<u>Case No. 17-CV-03909 (RJS)</u>

Dear Judge Sullivan:

This office is counsel to Defendants Morris Pharmacy, Inc. d/b/a Windsor Pharmacy (hereinafter "Windsor") and Ellen Adler regarding the above-referenced matter. I am writing to request a pre-motion conference pursuant to your Individual Rules to move to dismiss Plaintiffs' Complaint, which alleges the following: (1) failure to pay overtime under the Fair Labor Standards Act (FLSA) (First Claim), (2) failure to pay overtime under the New York Labor Law (NYLL) (Second Claim), (3) failure to provide wage notices and wage statements under NYLL § 195 (Third Claim), (4) failure to pay straight time under the NYLL (Fourth Claim), (5) breach of contract (Fifth Claim), (6) retaliation under NYLL § 215 (Sixth Claim), (7) Retaliation under FLSA § 215 (Seventh Claim), (8) Discriminatory Discharge based on disability under the New York City Human Rights Law (NYCHRL) (Eighth Claim), (9) retaliatory discharge under the NYCHRL (Ninth Claim), and (10) failure to reasonably accommodate in violation the NYCHRL (Tenth Claim).

<u>BACKGROUND</u>

Windsor operates a Pharmacy at 1419 Avenue of the Americas, New York, NY. (Complaint at ¶9). Defendant Ellen Adler is alleged to be an owner and manager of Windsor. (Complaint at ¶ 11).

# NANESS, CHAIET & NANESS, LLC

Plaintiff Nancy Schaubeck (Schaubeck) was employed as a part-time pharmacist. (Complaint at ¶¶ 24, 25). Plaintiff Rivas (Rivas) is alleged to be a Floor Manager at Windsor (Complaint at ¶ 33). At all times both plaintiffs were bargaining unit employees represented by Local 338, RWDSU/UFCW and subject to a collective bargaining agreement, which includes a mandatory grievance/arbitration provision.

## BASIS FOR MOTION

For the reasons set forth below, Defendants seek to move to dismiss Plaintiffs' Complaint in its entirety.[1]

1.      Defendants seek to move to dismiss Schaubeck's and Rivas' overtime claims under the FLSA (First Claim For Relief) and the New York Labor Law (Second Claim For Relief) based on failure to sufficiently plead entitlement to FLSA overtime. Neither Plaintiff satisfied the pleading requirement to assert an overtime claim under the FLSA. Dejesus v. HF Moment. Servs., LLC, 726 F.3d 85 (2d Cir. 2013); Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192 (2nd Cir. 2013); Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106 (2nd Cir. 2013); see also Bustillos v. Academy Bus, 2014 WL 116012, at *2 (SDNY 2014).

2.      Defendants' seek to move to dismiss Schaubeck's FLSA retaliation claim (Seventh Claim For Relief) based on grounds she did not sufficiently plead she engaged in activity protected under FLSA. See, e.g., Sydney v Time Warner Entertainment-Advance/Newhouse Partnership, ___ F. Supp.3d.___, 2017 Wage & Hour Cas 2d (BNA) 97837, 2017 WL 1167284, at *8 (NDNY March 28, 2017).

3.      As the FLSA overtime claim and the FLSA retaliation claims are the only federal claims asserted, upon their dismissal the court should decline supplemental jurisdiction over remaining State and New York City claims (Second Claim For Relief, Third Claim For Relief, Fourth Claim For Relief, Fifth Claim For Relief, Sixth Claim For Relief, Eighth Claim For Relief, Ninth Claim For Relief and Tenth Claim For Relief), and dismiss the Complaint in its entirety. Bhd. of Locomotive Engineers Div. 269 v Long Is. R. Co., 85 F.3d 35, 39 (2d Cir 1996) ("When all bases for federal jurisdiction have been eliminated ..., the federal court should ordinarily dismiss the state claims.")

4.      Defendants seek to move to dismiss Schaubeck's claim for owed wages (overtime and gap pay) under the New York Labor Law (Fourth Claim For Relief and, potentially, Second Claim For

---

[1] Defendants dispute the factual claims, many of which are frivolous. For example, Plaintiff Angel Rivas was *never* discharged from his job. Rather, as reflected in numerous correspondence, Windsor kept his position open and, indeed, is currently working with Plaintiffs' counsel to accommodate Mr. Rivas' return to work on a (requested) reduced schedule.

# NANESS, CHAIET & NANESS, LLC

Relief) on the grounds she is a professional, exempt from the New York Labor Law. NYLL § 651 (excluding exempt professionals from definition of "employee" under NYLL); 29 CFR § 541.301 (listing pharmacists as exempt professional); <u>Bachayeva v Americare Certified Special Services, Inc.</u>, ___ F.Supp.2d. ___, 2013 WL 1171741, at *5 (EDNY Mar. 20, 2013)(discussing the professional exemption under New York Labor Law).

5.      Defendants seek to move to dismiss Rivas' claims for retaliation under New York City Human Rights Law based on the grounds he did not sufficiently plead he was discharged or suffered any adverse job action based on protected activity. <u>Fletcher v Dakota, Inc.</u>, 99 A.D.3d 43, 54 (1st Dept. 2012) (affirming dismissal of retaliation claim under NYCHRL wherein Plaintiff did not plead facts that he opposed discrimination).

6.      Defendants seek to dismiss Rivas' Impairment Termination (Eighth Claim for Relief) and Failure to Provide Reasonable Accommodation (Tenth Claim For Relief) on the grounds he did not sufficiently plead facts that he was in fact discharged or not accommodated. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (U.S. 2009).

7.      Defendants seek to move to dismiss some or all claims based Plaintiffs' failure to exhaust the grievance and arbitration procedure in the governing collective bargaining agreement. <u>Tran v. Tran</u>, 54 F.3d 115, 118 (2nd Cir.1995); <u>Salamea v. Macy's East, Inc.</u>, 426 F.Supp.2d 149, 155 (SDNY 2006).

8.      Defendants seek to move to dismiss Schaubeck's NYLL Retaliation Claim (Sixth Claim For Relief) on the grounds (1) she is not a covered "employee" under NYLL, (2) she failed to sufficiently allege protected activity, particularly in light of the governing CBA and (3) she failed to first exhaust the governing collective bargaining agreements' grievance and arbitration procedure. NYLL § 651; <u>Epifani v Johnson</u>, 65 A.D.3d 224, 236 (2d Dept. 2009); <u>Tran v. Tran</u>, 54 F.3d 115, 118 (2nd Cir.1995).

Thank you for your attention to, and consideration of, this matter.

Very truly yours,

Jeffrey N. Naness
Counsel to Defendants

cc:     Michael Taubenfeld, Esq.