```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NANCY SCHAUBECK, et al.,            :

                Plaintiff,          :    17 Civ. 3909 (HBP)

    -against-                       :    OPINION
                                         AND ORDER
MORRIS PHARMACY, INC., et al.,      :

                Defendants.         :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/18

      PITMAN, United States Magistrate Judge:

      This action was commenced by two plaintiffs, Nancy Schaubeck and Angel Rivas, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the New York Labor Law and the New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. ("NYCHRL"). Among other things, Schaubeck alleged that she was not paid for all hours that she worked, was not paid one and one-half times her regular rate for the hours she worked in excess of 40 hours per week and was illegally terminated for complaining about the underpayment. Rivas asserted similar claims and also alleged that he was the victim of discrimination on the basis of a disability in violation of the NYCHRL.

      Schaubeck has agreed to settle all her claims against defendants. The parties have also agreed that Rivas may withdraw his claims without prejudice. The matter is currently before me

on the parties' application to approve the settlement of Schaubeck's FLSA claims.[1] All parties have consented to my

---

[1] The parties have submitted two settlement agreements to me, the first of which addresses all of Schaubeck's FLSA claims and the second of which addresses all of Schaubeck's other, non-FLSA claims. Because only the FLSA claims require judicial approval, Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), this Order addresses only Schaubeck's FLSA claims. In accordance with the parties' wishes, the agreement resolving the FLSA claims will be docketed while the agreement resolving the non-FLSA claims will be maintained in my chambers and will not be docketed. See generally Feliz v. Parkoff Operating Corp., 17 Civ. 7627 (HBP), 2018 WL 1581991 at *3 (S.D.N.Y. Mar. 27, 2018) (collecting cases approving of the submission of separate settlement agreements for FLSA and non-FLSA claims).

With respect to the parties' stipulation that Rivas may withdraw his claims without prejudice, Cheeks expressly left open the question of whether a stipulation to dismiss FLSA claims without prejudice requires judicial approval, Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 201 n.2, and the Court of Appeals has not subsequently resolved this issue. Although the District Judges within the Circuit have reached differing conclusions on the issue, I choose to follow the decisions concluding that a stipulation to discontinue FLSA claims without prejudice does not require judicial approval. E.g., Yunjian Lin v. Grand Sichuan 74 St Inc., 15 Civ. 2950 (RA), 2018 WL 3222519 at *4 (S.D.N.Y. July 2, 2018) (Abrams, D.J.); Bukhari v. Senior, 16 Civ. 9249 (PAE)(BCM), 2018 WL 559153 at *3 (S.D.N.Y. Jan. 23, 2018) (Engelmayer, D.J.); Martinez v. SJG Foods LLC, 16 Civ. 7890 (RA), 2017 WL 2169234 at *3 (S.D.N.Y. May 16, 2017) (Abrams, D.J.); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *3 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.). A plaintiff who dismisses his claims without prejudice gives up none of the rights provided by the FLSA, and, subject to the statute of limitations, can re-file at will. In addition, requiring judicial approval of such dismissals could have the consequence of forcing a plaintiff to litigate a claim he has no interest in litigating if approval is denied. Finally, it is difficult to discern what standards should be applied to judicial review of such dismissals. For example, would such a dismissal be unfair if there is no consideration from the defendant, even though the plaintiff was retaining all of his FLSA rights.

(continued...)

2

exercising plenary jurisdiction pursuant to 29 U.S.C. § 636(c).

As stated by plaintiff's counsel, Schaubeck worked as a pharmacist for defendants from 2008 through January 2017. Schaubeck usually worked four eight-hour shifts per week, although she would occasionally work five shifts in a week. According to records produced by defendants, Schaubeck worked five eight-hour shifts in only eight weeks within the limitations period. Schaubeck also alleges that she routinely worked before the start and after the end of her regular work hours but that she was not paid for this extra work. Defendants deny that they failed to pay Schaubeck for all the hours that she worked and deny that they owe her any overtime premium pay. Defendants also argue that, pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.300, plaintiff was exempt from receiving overtime premium pay as a professional employee.

The parties' FLSA settlement agreement provides that defendants will pay the total sum of $16,150.00. Of that sum, $5,472.75 will be paid to Schaubeck's counsel as reimbursement of costs and for legal fees; the remainder -- $10,677.25 -- will be paid to Schaubeck.

---

[1](...continued)
Accordingly, I believe that <u>Cheeks</u> does not require judicial approval of a stipulation withdrawing FLSA claims without prejudice.

3

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." <u>Id</u>. (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

<u>Agudelo v. E & D LLC</u>, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satis-

4

fies these criteria.

First, the net settlement to Schaubeck represents more than 1000% of her FLSA damages. According to Schaubeck's counsel, Schaubeck's regular rate of pay was $63.00 per hour. Thus, even if Schaubeck worked an extra hour per day for which she was not paid, she would have no FLSA claim except in the weeks she worked five eight-hour shifts. Given her hourly wage, in the weeks she worked four eight-hour shifts, she always made far more than the minimum wage even if she did actually start and finish work before and after the start and end times of her regular shift. Defendants' records indicate that Schaubeck worked approximately four overtime hours over eight weeks. Multiplying this figure by Schaubeck's regular hourly rate of $63.00 per hour and multiplying that product by 1.5 to account for overtime premium pay yields a product of $378.00. Doubling this figure to account for liquidated damages yields a product of $756.00. The proposed settlement will pay Schaubeck more than ten times this amount. As discussed in more detail below, given the risks these issues present, the settlement amount is eminently reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute the hours Schaubeck claimed she worked and her eligibility for overtime premium pay. Thus, trial preparation would likely require depositions of both sides to explore these issues.

The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable Schaubeck to avoid the risk of litigation. To prevail at trial Schaubeck will bear the burden of proving the number of hours she worked and respond to defendants' contention that she was ineligible, as a matter of law, to receive overtime pay. If the fact finder does not credit her testimony concerning the number of hours worked, or if the defendants prevail on their contention that Schaubeck was exempt from the FLSA's overtime provisions, Schaubeck would recover nothing on her overtime claims. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal

6

quotation marks omitted)).

Fourth, given the amount of the settlement, I am confident that the settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud.

The FLSA settlement agreement provides that Schaubeck is releasing only her FLSA claims against defendants. Such a release is permissible. Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.).

Finally, the settlement provides that approximately 33.89% of the net settlement fund -- $5,472.75 -- will be paid to plaintiff's counsel as a contingency fee and as reimbursement for costs.[2] Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.)

---

[2] If I assume that the $400 fee to file this action was advanced by Schaubeck's counsel, the amount of the settlement that is allocable to fees is no more than 31.41%.

7

and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

    Accordingly, for all the foregoing reasons, I approve the FLSA settlement between Schaubeck and defendants.

Dated:  New York, New York
       October 25, 2018

                            SO ORDERED

                            HENRY PITMAN
                            United States Magistrate Judge

Copies transmitted to:

All Counsel